UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND and TRUSTEES OF THE BRICKLAYERS UNION NO. 6 OF INDIANA HEALTH AND WELFARE FUND,<br><br>   Plaintiffs,<br><br>   v.<br><br>ARMOR SEALING LLC,<br><br>   Defendant. | Cause No. 2:24-CV-284-PPS-JEM |

## **OPINION AND ORDER**

Plaintiffs are the Trustees of the Bricklayers Union Local No. 6 of Indiana Pension, Health and Welfare Funds. They bring this action against Armor Sealing LLC alleging a failure to make required contributions to an employee benefit fund in violation of federal law. [DE 1]. The merits of Plaintiffs' claims are not currently at issue; instead, this matter is before me on Armor Sealing's motion to vacate the entry of default made against it. [DE 9].

### Background

The Plaintiffs filed this case and entered attorney appearances on August 15, 2024. [DE 1; DE 2; DE 3]. Service of the Summons was completed and delivered to Armor Sealing via United Parcel Service, Inc. on August 17, 2024. [DE 5]. Twenty-one days passed and Armor Sealing failed to respond or enter an appearance in the case. On

September 10, 2024, Plaintiffs filed a Motion for a Clerk's Entry of Default [DE 6] and on September 11, 2024, the Clerk entered a default against Armor Sealing. [DE 7]. On September 26, 2024, counsel for Armor Sealing entered an appearance and filed the instant motion. [DE 8; DE 9]. In their motion to vacate the technical default, Armor Sealing acknowledges that they were served with this action on August 17, 2024, and states that attorney Christopher Miller's Motion for Admission to Practice Pro Hac Vice was filed but not yet granted. [DE 9].

## Discussion

A request for relief from an entry of a default prior to an entry of judgment is governed by Federal Rule of Civil Procedure 55(c). Rule 55(c) states that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). A request to vacate an entry of default under Rule 55(c) is reviewed using the same standard as a request to vacate a default *judgment* under Rule 60(b). *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). However, relief from a default under Rule 55(c) is more readily granted than relief from a default judgment under Rule 60(b) as respect for the finality of judgments "establishes a high hurdle for parties seeking to avoid default judgments." *Id*. *See also*, *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (explaining that the standard for good cause under Rule 55(c) is "more lenient" than the standard for default judgments under Rule 60(b)).

A defendant seeking to vacate a default must show (1) good cause for the default (i.e., why they failed to respond to the lawsuit), (2) quick action to correct the default,

and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). Here, it appears that the Armor Sealing's failure to respond to the lawsuit was a result of a delay in the processing of a pro hac vice application or simple inadvertence. Their motion acknowledges that the summons was received on August 17, 2024, and states that local co-counsel was retained. The motion also mentions that Attorney Chris Miller's application to appear pro hac vice has been filed but not yet granted. [DE 9]. The motion does not provide an explanation for why local counsel failed to answer the lawsuit before the entry of default.

Although Armor Sealing failed to respond to the complaint before the Clerk entered default, I find that there is good cause to set aside the default. *See, Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (explaining that the court may find that there is good cause to set aside a default even when there is no good excuse for the defendant's inattention to the case). The defendant promptly entered an appearance following the entry of default and, as the Seventh Circuit has mentioned, resolution of a case based on the merits is preferable to a default judgment. *Cracco*, 559 F.3d at 631. *See also*, *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) (stating that a default judgment is viewed as a "weapon of last resort"). As Armor Sealing has now appeared and is ready to litigate the case, I will allow the merits, not a technical default, to drive the results of the case.

**Conclusion**

For the foregoing reasons, defendant Armor Sealing's Motion to Vacate Technical Defaults and for an Extension of Time to Appear and Answer or Otherwise Plead [DE 9] is **GRANTED**. The defendant is **ORDERED** to answer or otherwise respond to the allegations of Plaintiffs' Complaint within 28 days after entry of this order.

**SO ORDERED**.

ENTERED: October 29, 2024.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT